## JOEL JOHNSON AND N. L. DREW & CO. *v.* S. P. DEWEY AND A. J. SENATZ.

MECHANIC'S LIEN—WHO ORIGINAL CONTRACTORS.—S., who, as the tenant of D.. was in possession of D.'s house and lot in Sacramento City, being desirous, for his own benefit, of having said house raised to the high grade, agreed with D., the owner, to raise the house at his own cost, upon condition that D. should extend the term of his lease for six years and advance three thousand dollars, S. to pay thereafter fifty dollars per month more rent than he was then paying; whereupon S. contracted in writing with J. to do said work for the sum of six thousand one hundred and eighty dollars; which being completed, J. brought action against D. and S., under the provisions of the Act of 1862, (Stats. 1862, p. 384,) in relation to the liens of mechanics and others, to recover an unpaid balance of said contract price, and to enforce therefor a mechanic's lien on D.'s interest in said house and lot; *Held,* first, that in the sense of said statute S. "caused" said house to be raised, and that J. and S. were the persons who "contracted" therefor; and second, that the only lien acquired by J. under said Act was upon the interest of S. as lessee of said house and lot.

APPEAL from the District Court, Sixth Judicial District, Sacramento County.

This was an action by plaintiff Johnson against defendant Dewey, who was the owner of the "What Cheer House," and the lot on which it stands, in Sacramento City, and defendant Senatz, who was in possession of said property as the tenant of Dewey, to recover an unpaid balance of the contract price for raising said house to the high grade of said city, and for making certain contract improvements on said house, and to enforce therefor a mechanic's lien, under the provisions of the Act of 1862 in relation to the liens of mechanics and others, (Stats. 1862, p. 384,) on the interest of both defendants in said property. The plaintiffs N. L. Drew & Co., as subcontractors under plaintiff Johnson, intervened in said action and united with him in demanding said relief. The plaintiffs had judgment as prayed, and defendant Dewey moved for a new trial, which was denied, and appealed from the judgment and the order denying a new trial.

The other facts are stated in the opinion of the Court.

*James L. English,* for Appellant.

*Robinson, Ramage & Dunlap,* and *Thomas Conger,* for Respondents.

By the Court, SANDERSON, J. :

This action was brought and tried in the Court below, and has been argued here, upon, as we consider, a mistaken theory. The theory has been that Senatz was the original contractor, and that the plaintiff, Johnson, was a subcontractor within the meaning of the statute of 1862 in relation to the liens of mechanics and others. (Stats. 1862, p. 384.) But such is not the relation of the parties. The plaintiff, Johnson, was the original contractor, in the sense of that statute, and he contracted with Senatz, and not with Dewey. Senatz was the tenant of Dewey, and desired, for his own benefit, that the house should be raised and improved, and was willing to pay the cost of raising, provided Dewey would consent, and would extend his lease for six years, and advance him three thousand dollars, in consideration of which advance he (Senatz) would pay fifty dollars per month more rent than he was then paying. To this proposition Dewey assented, and thereupon Senatz proceeded to raise the house. To that end he advertised for bids in his own name. Several contractors engaged in that business responded. The plaintiff, Johnson, put in the lowest bid and obtained the contract. A written contract was then drawn up and signed by them, as required by the second section of the statute in question, by which Johnson agreed to raise the house and make certain improvements, and Senatz agreed to pay him the sum of six thousand one hundred and eighty dollars, to be paid as the work progressed. Thus Senatz, and not Dewey, was the person who, in the sense of the statute, " caused" the house to be raised and improved, and Johnson, and not Senatz, was the person who, in the sense of the statute, " contracted" to raise it, and raised it. The lien, therefore, which the plaintiffs acquired, if any, was not upon the interest of Dewey, but upon the interest of Senatz, which was

that of a lessee.    They acquired no right of action against Dewey, nor any lien upon his interest in the property.  (Section 40 of the statute.)

Judgment reversed and cause remanded, and remittitur directed to issue forthwith.