Matthias, J.
 

 The question of prime importance presented in this case is whether the plaintiff, who furnished material and performed labor for the repair and improvement of a dancing pavilion, pursuant to a contract entered into with the lessee thereof, may have a mechanic’s lien upon the reversion in fee of the lessor by reason of the fact that such lease by its terms requires the lessee to make such improvements at the lessee’s expense, and the same were made in accordance with such provisions.
 

 For the purpose of this consideration we shall adopt the finding of the Court of Appeals that the lease executed by John L. Herbold, manager, was in fact the lease of the Mahoning Park Company, the majority of the stock of which Herbold owned, and who was also the president of the company, although such finding is challenged by counsel for plaintiff as being unsupported by evidence in the record. There is evidence that the ownership of the fee of this amusement park, consisting of about 17 acres, and the ownership of the amusement structures and concessions thereon, including this dancing pavilion, had thereto
 
 *363
 
 fore been separate. The plaintiff in error owned the fee, and Herbold claimed that he individually owned these several structures referred to, including the dancing pavilion, in which ownership for some reason he used the name of the Mahoning Park Amusement Company. However there is evidence in the record supporting the conclusion of the Court of Appeals in this respect.
 

 The lease to which we have referred leased to Leon Lackey—
 

 “The messuage or tenement situate in the said Mahoning Park, Warren" township, county of Trumbull, and state of Ohio, known and described as follows: Dance hall to run dances only beginning on the fifteenth day of May and ending on the fifteenth day of September of each year for a term of five years.”
 

 The rental stipulated was $9,000, payable in installments as therein specified. It was further provided in said lease as follows:
 

 “The party of the second part [Lackey] agrees to make all repairs at his own expense, also pay all bills and taxes and damages claims for accidents and personal damages to persons or property resulting from running the above hall for dancing.”
 

 This lease contained the further provision, “no additions to be removed at the expiration of this lease.” Thereafter Lackey entered into a written contract with the defendant in error, the Warren Home Development Company, to make the improvements contemplated by the lease. These were completed May 14, 1921, and Lackey continued in possession and use of said building until about August 1, 1921, when he abandoned the same and
 
 *364
 
 later absconded without paying any of the rentals required by the terms of the lease, and without paying the defendant in error for making the improvements in accordance with the terms of his contract.
 

 The Court of Appeals held that the plaintiff below was entitled to a mechanic’s lien, not only upon the leasehold interest of Lackey in the dancing pavilion, but also upon the fee, and decreed foreclosure thereof and ordered sale of the premises.
 

 The right of one who furnishes labor or material for the construction or repair of a structure to a lien therefor is created entirely by statute, and hence it becomes necessary to examine those provisions to ascertain the rights of the parties, as well as the procedure necessary to perfect the claim which is here asserted. This calls for an examination, particularly, of Section 8310, General Code, which, so far as pertinent to this case, provides in substance that every person who does work or labor, or furnishes material, etc., for erecting, altering, or repairing any structure by virtue of a contract, express or implied, with the owner, part owner, or lessee of any interest in real estate, or the authorized agent of the ownei*, part owner, or lessee of any interest in real estate, shall have a lien to secure payment thereof upon such structure and “upon the interest, leasehold, or otherwise, of the owner, part o#ner, or lessee, in the lot or land upon which they may stand, or to which they may be removed, to the extent of the right, title, and interest of the owner, part owner, or lessee, at the time the
 
 *365
 
 work was commenced or materials were begun to be furnished.”
 

 Under the provisions of this section, before one who furnishes labor or material may have a mechanic’s lien to secure the payment therefor, it must appear as a condition precedent thereto that the same was furnished pursuant to a contract, express or implied, and that the contract was made with the owner, part owner or lessee of an interest in real estate, or with the authorized agent thereof; and the lien thereby procured extends only to the right, title, and interest of him with whom the contract, express or implied, was entered into, pursuant to which such labor or materials were furnished. Such are the clear terms and provisions of Section 8310, General Code, and such are the express limitations stated therein. Here there was such a contract, but that contract was entered into by Lackey, the lessee — a written contract signed by the lessee and the contractor, and therefore leaving nothing for implication. Only between the lessee and the contractor was the relation of debtor and creditor created. Before a mechanic’s lien can attach there must exist the relation of creditor and debtor; a debt must be created before there can be a lien.
 
 Boone
 
 v.
 
 Chatfield,
 
 118 N. C., 916, 24 S. E., 745. No other contract was made so far as the record discloses, and it was therefore pursuant to the contract with Lackey, who was acting for himself and not as agent for the plaintiff in error, that the labor and material were furnished by the contractor, for which he thereafter sought to assert a lien. The statute authorizes such lien only to the extent of the right,
 
 *366
 
 title, or interest of the lessee, and under a construction most favorable to the defendant in error it included only the dance hall and the premises appurtenant thereto providing a means of ingress and egress.
 

 It is contended, and such seems to have been the theory of the Court of Appeals, that by virtue of the requirements stated in the lease with reference to additions and repairs, and by virtue of the fact that Herbold was present at times during the making of the repairs and manifested an interest therein, Lackey was thereby made and constituted the agent of the Mahoning Park Company, by reason of which facts such lien would cover, not only the leasehold interest of Lackey, but also the fee of the Mahoning Park Company, notwithstanding the provision in the lease that the improvement should be made at the expense of the lessee and that he should pay for the same. In our opinion that conclusion not only leaves out of consideration the express' provisions of the lease, but also disregards the express provisions and limitations of Section 8310, General Code, to which we have just referred. If it may be held under such circumstances that the lessee is the agent of the lessor in the execution of such a contract, and the making and completion of the improvements therein provided for, then not only could a lien be imposed upon the fee of the lessor by reason thereof, but the lessor would also be liable personally. Indeed, that theory seems to have been adopted in this case, for a personal judgment was sought, and was in fact, rendered against the lessor, but upon
 
 *367
 
 rehearing was rescinded and only the foreclosure of the lien decreed.
 

 In the statutes of other states where the terna “lessee” is not used, and in our own statute before it included the term “lessee,” the term “owner” was construed to include not only the owner of a fee but also the owner of a leasehold, as the ease might be.
 
 Dutro
 
 v.
 
 Wilson, Jr., 4
 
 Ohio St., 101. In that case it was held that—
 

 “If the ownership is in fee, the lien is upon the fee; if it is of a less estate, the lien is upon such smaller estate.”
 

 This same proposition is concisely stated in Tiffany on Real Property (2d Ed.), p. 2770, atid then the author further states:
 

 “One having such limited estate can, however, as a rule, not create a lien more extensive than his own interest, that is, on others’ interests in the land. ’ ’
 

 Support is found for the text in many cases, including Wil
 
 kerson
 
 v.
 
 Rust,
 
 57 Ind., 172;
 
 Johnson
 
 v.
 
 Dewey,
 
 36 Cal., 623;
 
 Boteler
 
 v.
 
 Espen,
 
 99 Pa., 313;
 
 Cornell
 
 v.
 
 Barney,
 
 94 N. Y., 394;
 
 Hoffman
 
 v.
 
 McColgan,
 
 81 Md., 390, 32 Atl., 179;
 
 Merrill
 
 v.
 
 Brant,
 
 175 Mich., 182, 141 N. W., 550. The author fur ther goes on to say that the furnishing of labor and materials under a contract with one having only a leasehold estate may support a lien upon the reversion where the owner of the latter expressly or impliedly authorizes or adopts such contract,
 
 " and, where the statute creates a lien for labor or materials furnished with the consent or permission of the owner,
 
 the reversion may be
 
 *368
 
 come subject to a lien for work or labor furnished under a contract with the lessee, by reason of consent, express or implied, on the part of the reversioner to the making of the improvements. ’ ’ Many cases are cited which support this proposition, and these have been carefully examined, but we deem it unnecessary to analyze or even to comment upon them in this opinion, for in this state, admittedly, we have no statute such as that indicated in the text quoted, and apparently the author’s statement is based upon those- decisions construing and applying various statutory provisions materially different from our own. For instance, the New York decisions referred to were based upon a statute which authorized a lien for labor or materials furnished pursuant to a contract with “any person permitted by the owner of such lands to build, repair, alter or improve,” etc. (Laws 1862, c. 478, Section 1), and the statute involved in other decisions cited authorized a lien upon real property of any person on whose premises the improvements are made “with the knowledge and consent of the owner. ’ ’
 

 In 1 Jones on Liens (3d Ed.), Section 1276, the distinction is clearly stated between the rule applicable under statutes such as our own, on the one hand, and those under consideration in cases relied upon by counsel for defendant in error, on the other hand. The author there stated:
 

 “In general, the interest of the lessor cannot be subjected by the lessee to a mechanic’s lien for work done or materials furnished on the contract of the lessee, or of any one claiming under him. •* * * Where a building is erected or repaired
 
 *369
 
 under a contract with the lessee alone, his interest only is subject to the lien, inasmuch as a lessee for a term of years is an owner. The fact that the owner of the fee knew that the lessee was making improvements does not subject his interest to the lien, as he does not thereby become a party to the contract. The rule is otherwise under a statute which provides that, when the construction of a building upon land is known to the owner of any interest therein, such interest shall be subject to the contractor’s lien. In such case, where the construction is at the instance of a leaseholder with the knowledge of the owner, not only the leasehold interest, but also the fee, is subject to such lien.”
 

 Many cases cited by the text involving the construction and application of various statutory provisions are considered and distinguished in the case of
 
 Belnap
 
 v.
 
 Condon,
 
 34 Utah, 213, 97 Pac., 111, 23 L. R. A. (N. S.), 601. The general rule as stated in Bockel, Wykes, and other texts on mechanic’s liens, and supported by cases cited, is that unless the statute so authorizes the lien cannot extend beyond the interest of the contracting tenant.
 

 Notwithstanding the beneficent and commendable purpose and object of the mechanic’s lien statutes, and the declaration that they shall be liberally construed in so far as they are remedial, yet being in derogation of the common law “the character, operation, and extent of the lien must be ascertained by the terms of the statute creating and defining it; and the courts cannot extend the statute to meet oases for which the statute itself does not provide, though these may' be of
 
 *370
 
 equal merit with those provided for.” 1 Jones on Liens (3d Ed.), Section 105.
 

 The remedy is by legislative amendment.
 
 Williams
 
 v.
 
 Vanderbilt,
 
 145 Ill., 238, 34 N. E., 476, 21 L. R. A., 489, 36 Am. St. Rep., 486.
 

 The application of our statute to the facts in this case (its terms need no construction) requires the conclusion that the plaintiff below could not obtain a lien upon the freehold, but only upon the interest of the person with whom it entered into the contract, the owner of the leasehold. This is no hardship upon the contractor, for in every instance he knows, or at least it is incumbent upon him to ascertain, the ownership of the premises and the extent of the interest therein of the person who proposes to enter
 
 into
 
 a contract with him for the improvement thereof.
 

 In the consideration thus far we have assumed the validity of the procedure taken by the plaintiff below to establish and perfect its lien. This, however, is challenged, and it is claimed to have been fatally defective in two respects: (1) That the preliminary affidavits did not contain the requirements of Section 8312, General Code; (2) that there was no service of the preliminary affidavits and of the affidavits to obtain a mechanic’s lien, as required by statute.
 

 The plaintiff below, as an original contractor, is required by the provisions of Section 8312, General Code, to furnish “the owner, part owner, lessee or mortgagee, or his agent, a statement under oath, showing” (1) the name of every laborer in his employ who has not been paid in full; (2) the name of every subcontractor in his employ, and
 
 *371
 
 of every person furnishing machinery, material, or fuel, giving the amount, if any, which is due, or to become due, for material, etc., furnished to him, and that must be accompanied by a certificate signed by every such person who furnished material, etc., to the effect that the amounts set forth in such affidavits are the correct amounts due and owing. A similar sworn statement from each subcontractor is required. It is provided in the section referred to that “until the statements provided for in this section are made and furnished in the manner and form as herein provided, the contractor shall have no right of action or lien against the owner, part owner, or lessee.”
 

 It is disclosed by the record that, although the McClure Lumber Company furnished material and delivered the same upon the job in question at the request of the plaintiff below, the contractor’s affidavit failed to so state; nor was there any certificate by the latter company that it had been paid; nor was there a release of any lien to which it might be entitled. It is claimed further that while in the body of the preliminary affidavit it appears that certain persons therein named were carpenter subcontractors, and that others named were laborer subcontractors, with one exception they did not furnish affidavits as required by the statute, and that the affidavit of the subcontractor who did furnish the same does not show whether there were any materialmen or subcontractors in his employment.
 

 Although it appears in the affidavit of the president of the Warren Home Development Company that J. Munson was a carpenter contractor, and
 
 *372
 
 C. W. Munson is referred to as a contractor, and Ed. Peters is referred to as a “laborer contract- or,” and A. EL Butler likewise referred' to as a “laborer contractor,” the affidavit of J. Munson is to the effect that C. W. Munson, Ed. Peters and A. H. Butler were the only laborers employed on said job by him as carpenter subcontractor, and that they each have been paid in full. It further appears from the record that each of the four men named released in writing all right of lien by reason of material or labor furnished for such improvement. This must be regarded as a substantial compliance with the requirements of Section 8312, General Code. It does appear from the record, however, that the plaintiff below did not comply with the mandatory requirements of Section 8312, General Code, that a verified statement be made and furnished showing the name of those furnishing material for such improvement, and the amount, if any, due them. The furnishing of such statement is, without exception, held to be a condition precedent to the. perfection of a lien, from which requirement neither the provision as to liberal construction nor the fact of payment for such material affords relief.
 

 The language of Section 8312, General Code, is imperative and mandatory, where it requires that the contractor shall have no right of action or lien against the owner, part owner, or lessee until the statements provided for in this section are made and furnished in the manner and form as therein required, and, though the statute is declared to be remedial, the court is not thereby authorized to disregard such explicit and mandatory pro
 
 *373
 
 visions, nor to hold them to mean something' other or different from that which they so clearly and explicitly state. The furnishing of such statement is required for the protection of laborers, subcontractors, and materialmen, as well as for the protection of the owner, and such requirement is expressly made imperative and compliance therewith a condition precedent to the perfection of the lien. Upon this proposition we cite the well-reasoned opinion of United States District Judge Sater in the case
 
 In the Matter of The Kinnane Co., Bankrupt,
 
 14 Ohio Law Reporter, 531, and the numerous cases there cited and reviewed.
 

 The affidavits prepared by the plaintiff below pursuant to the provisions of Sections 8312 and 8314, General Code, were not served upon either the Mahoning Park Company or Leon Lackey, but service upon the owner referred to was attempted to he made by serving the same upon an attorney at law, who at that time was the attorney of record for the Mahoning Park Company in an action pending, wherein that company sued Leon Lackey to recover rentals accrued under the lease involved in this litigation, and wherein a receivership was sought. It does not appear, nor is it contended, that this attorney was the agent for, nor in any wise represented, the owner or lessee in and about making of such improvements, or that he had anything to do with either of the parties except in the capacity of attorney at law in the case referred to.
 

 The term “agent” as used in the mechanic’s lien law refers to one who is the representative of the owner of the building, generally, or is his agent
 
 *374
 
 with reference to the erection, repair, or improvement of the structure upon which a mechanic’s lien is attempted to be asserted for labor or material furnished, or who represents him in the control and supervision of the premises. An attorney at law employed only in an action pending in court is engaged in a special employment, his agency is limited, and he does not by reason merely of such employment and service represent the owner with reference to a building contract, or the erection or repair of a structure pursuant to such contract, or in the control or supervision of the premises of such owner, and service upon him of such affidivits cannot be held to be a compliance with the requirements of Section 8315, General Code.
 

 It is our conclusion, therefore, based upon the foregoing reasons, that the plaintiff below had no right of action either for personal judgment against, or foreclosure of the mechanic’s lien upon, the property of the Mahoning Park Company, sole defendant in this action, but only upon the leasehold interest therein of the lessee, Lackey, who is not a party defendant in this action.
 

 The judgment of the Court of Appeals is reversed, and judgment rendered for plaintiff in error.
 

 Judgment reversed.
 

 Marshall, C. J., Robinson, Jones and Day, JJ., concur.