*21
 
 Matthias, J.
 

 In the court of common pleas of Lorain county, where this action was instituted, issue as to the priority of liens was made by the contending lien claimants. The facts essential to a decision of the question of law presented may be concisely stated. The lumber company furnished material to the defendant Kent for the construction of two houses, and duly perfected a separate mechanic’s lien upon each of them. Thereafter a mortgage was executed to the Citizens’ Home & Savings Association Company by defendant Kent in the sum of $3,500 on each of said properties. Subsequently, to cover not only the indebtedness represented by said mechanics’ liens, and also a substantial sum due the lumber company upon an open account, Kent gave a note to the lumber company, and to secure the same executed a mortgage upon the said two properties and an adjacent lot, and also ipon the home property of the mortgagor.
 

 The decision of the issue presented calls for the interpretation and application of the provisions of Section 8323-6, General Code, respecting the matter of waiver of a mechanic’s lien by the taking of other security for such debt. The case was heard on appeal by the Court of Appeals, where it was held that under the facts here presented there was a waiver of the mechanics’ liens, and judgment was rendered accordingly. Upon motion the record was ordered certified to this court, and it is here for review.
 

 The mechanics’ liens of the lumber company are prior to the mortgages of the loan company in time, and are prior in right unless the execution of the mortgage to the lumber company securing the in
 
 *22
 
 debtedness represented by the lien, and also additional indebtedness, operates as a waiver by the lumber company of its mechanics’ liens.
 

 Section 8323-6, General Code, which is a part of the Mechanic’s Lien Law of the state, reads as follows : “All liens or claims for liens which may arise or accrue under the terms of this act shall be assignable. No lien provided for in this act shall be defeated or waived by the taking by the lien claimant from any person of any promissory note or notes or of any security for such debt other than upon the real estate itself, in the absence of a written agreement that the taking of such note or notes or such security shall be a waiver of the lien. ’ ’
 

 The mechanic’s lien is a creature of statute, and the character, operation, and extent thereof must be ascertained from the statute creating and defining it.
 
 Mahoning Park Co.
 
 v.
 
 Warren Home Development Co.,
 
 109 Ohio St., 358, 142 N. E., 883. In this instance the. mechanic’s lien claimant, the lumber company, took as security for such debt a mortgage upon “the real estate itself,” which was covered by its own mechanics’ liens, although it did cover property in addition to and other than “the real estate itself.” The lienor chose to take a lien of a higher order, a mortgage upon such real estate and the additional property, as security for its entire claim. The inclusion therein of other property does not evade the situation or avoid the fact that the' very real estate covered by the mechanics’ liens is made the security for the original claim embraced in the mechanics’ liens, and must be regarded as a substitute therefor. Such is the inevitable conclusion from the clear provisions of the statute. The
 
 *23
 
 security taken is not limited to “other than * * * the real estate itself,” which would have brought it within the exemption provisions as to waiver, but expressly includes “the real estate itself,” which under the terms of the statute results in a waiver of the security theretofore held in the form of a mechanic’s lien.
 

 This statute is but the announcement of the principle frequently applied that the taking of a mortgage upon the identical property covered by a vendor’s lien operates as a waiver thereof.
 
 Williams
 
 v.
 
 Roberts,
 
 5 Ohio, 35. The same reason applies in this situation. The Michigan statute recognizes the rule announced in
 
 Barrows
 
 v.
 
 Baughman,
 
 9 Mich., 213, and our statute (103 Ohio Laws, 369, 378, Section 20), which became effective August 5, 1913, seems to have been taken from that state, and in the respect under consideration they are identical. In the absence of such waiver provision the Supreme Court of New Jersey in
 
 Weaver & Pennock
 
 v.
 
 Demuth,
 
 40 N. J. Law, 238, held that: “In legal effect the contractor waives his lien to obtain another in a different form.”
 

 It follows that the Court of Appeals was right in its conclusion that by the taking of such mortgage the lumber company waived its mechanic’s lien, and its judgment is affirmed.
 

 Judgment affirmed.
 

 Jones, Day, Allen, Kinkade and Robinson, JJ., concur.
 

 Marshall, C. J.,' not participating.