Common Pleas Court of Hamilton County.

SUPERIOR LUMBER & MILLWORK CO. V. BIRDIE BRADLEY, ET AL.

Decided July 28, 1931.

*Schorr, Wesselmann & Eyrich,* for plaintiff in error.
*H. H. Hosbrook* and *William H. Buether,* for defendants in error.

DARBY, J.

The plaintiff seeks the foreclosure of an alleged lien upon Bradleys' property, under a claim that it furnished material by reason of a contract with one Bucalo, who was claimed to be the original contractor for the construction of a building on the premises of the defendants, Bradleys. The amount of the claim is some five hundred dollars. Bradleys answered denying any contract with Bucalo for the construction of any work or the furnishing of any material, and "the defendants further say that no building was or has been constructed, erected or improved on the premises in the petition described."

The plaintiff proved that it furnished certain material and delivered it to the property described, and Bucalo testified that he had no written contract with Bradleys, and Joseph Bradley testified he had no contract of any kind.

It is conceded in the case that no house or building was constructed on Bradleys' property, and the claim is made that the plaintiff has no lien upon Bradleys' property for the reason that no building was erected, and that none of the material furnished went into any construction on Bradleys' property. There was some testimony that an

excavation was made, and certain window frames were put in the cellar, but that was the end of the so-called construction.

In this case, as in any case, the plaintiff in order to have a lien must bring himself within the statute.

In *Park Co.* v. *Development Co.*, 109 Ohio St., 358, the Supreme Court say:

"1. The character, operation and extent of a statutory lien must be ascertained from the statute creating and defining it. Such statute cannot be amended or extended by judicial construction, to meet a situation not provided for nor contemplated thereby. The remedy is legislative."

The foregoing pronouncement by the Supreme Court was made in 1924, and would seem to be a final statement upon that subject, and is not susceptible of any change or reconsideration. The same section under consideration in that case is involved in this case. A lien therefore could be established only in accordance with Section 8310, General Code. So far as applicable to this case its provisions are as follows:

"Every person who   \*   \*   \*   furnishes   \*   \*   \* material   \*   \*   \*   for erecting   \*   \*   \*   a house   \*   \*   \* by virtue of any contract, express or implied, with the owner   \*   \*   \*   of any interest in real estate   \*   \*   \* and every person who shall as subcontractor   \*   \*   \* or material man   \*   \*   \*   furnish   \*   \*   \*   material to such original or principal contractor   \*   \*   \*   shall have a lien to secure the payment thereof upon such   \*   \*   \*   house   \*   \*   \*   and upon the   \*   \*   \*   material so furnished and upon the interest   \*   \*   \*   of the owner   \*   \*   \*   in the lot or land upon which they may stand   \*   \*   \*   to the extent of the right, title and interest of the owner   \*   \*   \*."

This language clearly contemplates a structure, and gives to a material man as to a laborer, a lien upon the house or structure and the material furnished, and interest in the real estate of the owner. If the Legislature meant anything else, it has failed to express it, and the language of the statute seems to be so clear as to require no interpretation but simply its proper enforcement.

While it has been stated that the modern tendency of courts is to relax the older rule with reference to material furnished but not used in a building, there is no place for the courts to relax or modify any rule, but simply to enforce the legislative rule.

In *Jerecke Mfg. Co.* v. *Struther, Wells & Co.,* 14 C. C., 400, the Court say:

"The provisions of said lien law have application and are available to obtain a lien in favor of the seller and furnisher of personal property, material and machinery only where the property is sold and furnished by virtue of a contract with the owner, his agent, trustee, contractor or subcontractor for the purpose of entering into the construction and becoming a constituent part of said oil well or structure, and does in fact become a part thereof so that it is not susceptible of being separated therefrom and separately pursued and subjected by due legal process to the payment of the purchase price."

While that was a controversy dealing with the construction of an oil well, the above statement by the court is a mere summary of what the statute provides. See, for discussion of principle involved and reference to last quoted case, Am. Ann. Cases, 1912-B, p. 19.

Inasmuch as the undisputed evidence shows that the material of plaintiff was not used in any structure, and that no structure was made, the claim of the plaintiff may not be allowed.

Upon the other claim as to the existence of a contract, between Bucalo and Bradleys, the plaintiff has not proved by a preponderance of evidence the existence of such contract.

Judgment may be entered for the defendants.