F. W. Winstel Co., Appellee, v. Johnston et al., Appellants.

(No. 8194—Decided March 4, 1957.)

*Messrs. Bradley, Foiles & Saeman,* for appellee.
*Messrs. Metzger & Davis,* for appellants.

Long, J. This is an appeal on questions of law and fact from a judgment of the Court of Common Pleas of Hamilton County, Ohio, wherein that court held that the plaintiff-appellee had a valid lien on the property in question. It is not clear, and not necessary for a determination of this case to decide, what are the interests of Anderson and Fort, codefendants, in the real estate upon which it is claimed the lien exists.

If a lien exists at all in this case, it does so by virtue of Section 1311.04, Revised Code. This section provides in part as follows:

"Whenever any payment of money becomes due from the owner, * * * under their contract, * * * such contractor shall make out and give to the owner, * * * a statement under oath, * * * showing the name of every subcontractor * * * giving the amount which is due * * *.

"Until the statements are made and furnished in the manner and form provided for in this section, the contractor has no right of action or lien against the owner * * *."

The statute provides that when 60 days within which any liens can be filed have expired no liens on account of such im-

provement exist. The statute further provides that failure to file the affidavit shall not be a bar to an action to collect the claim.

The bill of exceptions in this case shows that a furnace was ordered by Jack Johnston, who had a running account with the plaintiff company. The furnace was to be installed in the premises occupied by defendant Fort, who, with defendant Anderson, had the alleged legal title.

Ach, president of the plaintiff company, testified that "on January 4, 1954, the furnace was delivered on the company's invoice." For all that appears from the evidence, the installation of the furnace took place immediately. It appears further that the so-called affidavit for a "mechanic's lien" was filed in the Hamilton County recorder's office on March 1, 1954. However, a copy of the lien and affidavit were not sent to defendants, Anderson and Fort, the owners of the premises, until March 8, 1954, admittedly more than 60 days from, at least, the furnishing of the furnace.

The unusual part of the evidence in this case is that although the affidavit calls for $453.22, the plaintiff admits that this amount is an overcharge, and that only $305.31 went into the job at the premises of Anderson and Fort. The statute requires that the affidavit contain a statement "giving the amount which is due."

In oral argument it was urged that the courts give a broad construction to the lien statutes. This view applies to the application of the statutes where a valid lien exists. However, at common law, there was no such lien as is provided by the Mechanic's Lien Laws of Ohio. In order to obtain such a lien, the lienor must follow the statutes to the letter. In the case at bar, the plaintiff did not file the necessary copy of the affidavit with the owners of the premises within the time required by the Code.

For these reasons, this court finds the equities to be in favor of the defendants, and a decree in conformity with this finding may be presented.

*Decree for defendants.*

HILDEBRANT, P. J., and MATTHEWS, J., concur.