THE STATE, EX REL. ALBAN, D.B.A. ALBAN EQUIPMENT
CO., *v.* KAUER ET AL.

(No. 6269—Decided April 5, 1960.)

*Messrs. DeVennish & Hague*, for relator.

Mr. *Mark McElroy*, attorney general, and Mr. *John W. Leibold*, for respondents T. J. Kauer and others.

*Messrs. Taft, Stettinius & Hollister*, and Mr. *John A. More*, for respondent Frank Messer & Sons, Inc.

Fess, P. J. This cause comes on for hearing and determination upon the return to the alternative writ of mandamus directing the respondents to show cause why they should not be ordered to pay to relator the sum of $1,711.78. The matter is to be determined upon the pleadings and stipulation of facts.

Relator's original action in this court is predicated upon a sworn statement for a lien on funds payable to contractors for public work. From the stipulation it appears that the respondent Frank Messer & Sons, Inc. (hereinafter referred to as Messer), on May 28, 1957, entered into a contract with the state of Ohio for the construction, as general contractor, of an addition to the north wing of the Ohio State University Hospital; that under date of September 4, 1957, Messer entered into a subcontract with The J. T. Edwards Company, under which the latter undertook to fabricate and erect structural steel for said hospital addition; that Edwards in turn entered into a subcontract with Gunther Steel & Erecting Company, pursuant to which the latter agreed to erect said structural steel in said hospital addition; Gunther in turn from time to time rented from relator certain equipment for use by Gunther in such erection work, and as of September 2, 1958, the amount owed by Gunther to relator for rental of equipment was $1,711.78; that Gunther ceased work under its subcontract with Edwards on or about September 4, 1958.

It is stipulated further that on or about September 8, 1958, Edwards undertook the completion of the Gunther subcontract, and in that connection rented from relator certain equipment

from September 8, 1958, to October 2, 1958, and paid to relator as rental therefor the sum of $189.78.

Although conceding the facts, Messer objects to consideration of this portion of the stipulation on the ground that the facts stated therein are incompetent, irrelevant and immaterial.

From the itemized statement of the amount and value of the equipment and machinery furnished to Gunther, set forth in the sworn statement for lien, it appears that such equipment and machinery were furnished Gunther for the period commencing January 25, 1958, and ending September 2, 1958. No other allegation appears in the sworn statement with respect to the date on which the last of the equipment and machinery was furnished. It therefore appears from the sworn statement that the last of machinery and equipment furnished to Gunther was on September 2, 1958.

The sworn statement for lien, as aforesaid, was filed with the respondent Director of Public Works on January 12, 1959, and a copy thereof served on respondent Messer on January 10, 1959, more than four months after September 2, 1958. Messer in turn filed no notice of his intention to dispute relator's claim set forth in the sworn statement.

Section 1311.26, Revised Code, relating to mechanics' liens incident to the construction, etc., of public works, authorizes a subcontractor, at the time of beginning the delivery of machinery, or at any time, not to exceed four months from the delivery thereof, to file a sworn and itemized statement of the amount and value of the machinery furnished. It thus appears upon the face of the sworn statement that the last date on which the equipment was rented to Gunther was September 2, 1958, and therefore the sworn statement was not filed within the four months period prescribed by Section 1311.26, Revised Code.

The question arises as to whether the allegations in the sworn statement may be supplemented by proof that Edwards undertook to complete the Gunther subcontract and in that connection rented equipment from relator during the period from September 8 to October 2, 1958, thus affording a premise for relator's contention that as a matter of fact the last of the machinery was furnished on October 2, 1958, and that the sworn statement was filed in time.

The provisions of the Mechanics' Lien Act are to be con-

strued liberally to secure the beneficial results, intents and purposes thereof, and a substantial compliance therewith is sufficient for the validity of such lien. Section 1311.24, Revised Code. But, inasmuch as the act creates rights in derogation of the common law, its provisions are to be strictly construed in determining whether a lien attaches as a result of substantial compliance with the statute, and after the lien has been created the procedural and remedial provisions should be liberally construed. *Robert V. Clapp Co.* v. *Fox,* 124 Ohio St., 331. Cf. 57 Corpus Juris Secundum, 502, citing Illinois decisions, from which state it has been said the Ohio act was taken. For contra cases in other jurisdictions, see 36 American Jurisprudence, 24 and 25. Substantial compliance with the statutory provisions is a condition precedent to the perfection of the lien. *Mahoning Park Co.* v. *Warren Home Development Co.,* 109 Ohio St., 358; *C. C. Constance & Sons* v. *Lay,* 122 Ohio St., 468; *Robert V. Clapp Co.* v. *Fox, supra; Edgemont Coal & Cement Co.* v. *Gaylor,* 100 Ohio App., 42; *F. W. Winstel Co.* v. *Johnston,* 103 Ohio App., 525; *Union Savings Bldg. & Loan Co.* v. *Amburgy,* 108 Ohio App., 82.

For example, failure of the affidavit to state ''the amount due over and above all legal setoffs'' as required by Section 8314, General Code (Section 1311.06, Revised Code) is fatal to the validity of the lien, and such deficiency may not be corrected by extraneous proof. *Constance & Sons* v. *Lay, supra.* And no lien attaches upon failure to comply with the provisions of Sections 1311.07 and 1311.19, Revised Code, with respect to service of copy of the affidavit. *Edgemont Coal & Cement Co.* v. *Gaylor, supra.* Notwithstanding the affidavit was filed in the recorder's office within sixty days, the failure to serve a copy thereof with the owners within sixty days, coupled with the fact that the affidavit contained an incorrect statement of the amount due, vitiated the lien. *F. W. Winstel Co.* v. *Johnston, supra.* Failure to furnish the owner with a ''statement under oath'' is likewise fatal. *Union Savings Bldg. & Loan Co.* v. *Amburgy, supra.* See, also, *Frisch* v. *Ammon,* 34 Ohio App., 447. For a comprehensive discussion with respect to compliance with statutory requirements, see *Ulmer* v. *Portage Construction & Finance Co.,* 26 N. P. (N. S.), 257, affirmed by Court of Appeals without opinion, and motion to certify overruled.

In general, unless authorized by statute, a mechanic's lien claim or statement may not be amended after the expiration of the time for filing (57 Corpus Juris Secundum, 716; 81 A. L. R., 360), or reformed in equity. 36 American Jurisprudence, 104; 36 Ohio Jurisprudence (2d), 529. In Ohio no provision is made by statute authorizing an amendment either before or after the time prescribed within which the claim must be filed.

The precise question presented here was involved in *Macklin, Recr.,* v. *Miller Improved Gas Engine Co.*, 13 C. C. (N. S.), 94, 22 C. D., 16, wherein the Franklin County Circuit Court held as follows:

"The legality of a mechanic's lien should affirmatively appear on the face of the statement filed with the recorder; and where the lien is rendered invalid by failure to state that the work was completed within four months of the filing of the affidavit, the party holding the claim will not be permitted to supply the deficiency by parol, and must submit to the loss of his lien."

This decision was affirmed without opinion by the Supreme Court in 86 Ohio St., 354, and reaffirmed on rehearing without opinion in 87 Ohio St., 457. See, also, *Hale* v. *Coleman*, 22 C. C. (N. S.), 55, 33 C. D., 449; *In re Kinnane Co.*, 14 O. L. R., 531; *Park* v. *Williamson Heater Co.*, 29 C. C. (N. S.), 253, 35 C. D., 517   The cited cases arose under Section 8314, General Code, or its predecessor, now Section 1311.06, Revised Code, but they apply with equal force in the interpretation of Section 1311.26, Revised Code.

The objection of the respondent to the admission of that portion of the stipulation relating to equipment rented to Edwards is sustained, the writ denied and the petition dismissed at relator's costs.

*Writ denied.*

Smith and Deeds, JJ., concur.

Fess, P. J., Smith and Deeds, JJ., of the Sixth Appellate District, sitting by designation in the Tenth Appellate District.