JOURNAL ENTRY and OPINION.
{¶ 1} Construction One, Inc. (Construction One) appeals from a summary judgment rendered by a Cuyahoga County Court of Common Pleas in favor of appellees Reliance Insurance Co. (Reliance) and Developers Diversified Realty Corp. (Developers). Construction One assigns the following as errors for our review:
 {¶ 2} "The trial court erred in granting defendant-appelleeReliance Insurance Company's motion for summary judgment on counts twoand three of plaintiff-appellant Construction One, Inc.'s amendedcomplaint.
 {¶ 3} "The trial court erred in denying plaintiff-appellantConstruction One, Inc.'s motion for summary judgment on counts two andthree of its amended complaint.
 {¶ 4} "The trial court erred in granting defendant-appelleeDevelopers Diversified Realty Corporation's motion for summary judgmenton count one of plaintiff-appellant Construction One, Inc.'s amendedcomplaint.
 {¶ 5} "The trial court erred in denying plaintiff-appellantConstruction One, Inc.'s motion for summary judgment on count oneof its amended complaint."
 {¶ 6} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 7} Developers leased a commercial property to Shore Thing, Inc. (Shore Thing) which then independently contracted with Construction One for the construction of a commercial establishment upon Developers' land. Although Construction One improved the property according to the contract terms, Shore Thing failed to remit payments due.
 {¶ 8} In response to Shore Thing's non-payment, Construction One filed a mechanics lien in the amount of $60,093.42, claiming an interest "upon the land and improvement of which Developers Diversified Realty Corporation is or was the owner and of which Shore Thing, Inc. is the leasehold tenant * * *."
 {¶ 9} On November 23, 1999, in the court of common pleas, Construction One complained Shore Thing breached their contract, unjustly enriching Developers via the land improvements.[1] Construction One sought execution of the mechanics lien against Shore Thing's leasehold interest.
 {¶ 10} On May 22, 2000, the trial court stayed proceedings at Shore Thing's request for the purpose of submitting the matter to arbitration. An arbitrator returned an award in favor of Construction One in the amount of $33,559.72.
 {¶ 11} Shortly thereafter, the trial court granted Developers' application for approval of a bond in the amount of the lien claim, thereby substituting the bond for the lien and unencumbering the land.
 {¶ 12} The trial court then granted Construction One's motion for leave to amend its complaint by adding Reliance, the bond surety, as a defendant. The trial court also granted Construction One's application to confirm the arbitration award.
 {¶ 13} On August 17, 2001, Reliance moved for summary judgment on Construction One's claims for enforcement of the mechanic's lien and the surety bond. Developers followed with its own motion for summary judgment on Construction One's unjust enrichment claim.
 {¶ 14} Thereafter, the trial court granted summary judgment in favor of Reliance, finding the lien attached only to Shore Thing's leasehold interest in the property and not to Developers' interest. The trial court also granted summary judgment in favor of Developers, finding it paid for any benefit conferred. This appeal followed.
 {¶ 15} As all assigned errors challenge the trial court's rulings on summary judgment, we review this entire appeal under a de novo standard of review.[2] Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.[3] Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion which is adverse to the non-moving party.[4]
 {¶ 16} The moving party carries an initial burden of setting forth specific facts which demonstrate his or her entitlement to summary judgment.[5] The movant may satisfy this burden with or without supporting affidavits, and must "point to evidentiary materials of the type listed in Civ.R. 56(E)."[6] If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will only be appropriate if the non-movant fails to establish the existence of a genuine issue of material fact.[7] In satisfying its burden, the non-movant "may not rest upon the mere allegations or denials of his pleadings, but his response by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."[8]
 {¶ 17} Rather than accepting all of the non-movant's allegations as true, or interpreting divergent factual representations as genuine issues of material fact, we review the entire record and determine whether each party met their respective summary judgment burdens.
 {¶ 18} In its first two assigned errors, Construction One argues the trial court erred by denying its motion for summary judgment on the mechanic's lien and the surety bond, and then granting Reliance's motion for summary judgment on these issues. We disagree.
 {¶ 19} Whether the trial court providently granted summary judgment depends on whether Construction One filed a valid lien against an interest of Developers.
 {¶ 20} The right to a mechanic's lien is created entirely by statute.[9] To this end R.C. 1311.02 provides:
 {¶ 21} "Every person who performs work or labor upon or furnishes material in furtherance of any improvement undertaken by virtue of a contract, express or implied, with the owner, part owner, or lessee of any interest in real estate, or his authorized agent, and every person who as a subcontractor, laborer, or materialman, performs any labor or work or furnishes any material to an original contractor or any subcontractor, in carrying forward, performing, or completing any improvement, has a lien to secure the payment therefor upon the improvement and all interests that the owner, part owner, or lessee may have or subsequently acquire in the land or leasehold to which the improvement was made or removed."
 {¶ 22} In Romito Brothers Electric Construction Co. v. Frank A.Flannery, Inc.,[10] the Ohio Supreme Court affirmed its earlier decision in Mahoning Park Co. v. Warren Home Development Co.[11]
wherein it stated, "[B]efore one who furnishes labor or material may have a mechanic's lien to secure the payment therefor, it must appear as a condition precedent thereto that the same was furnished pursuant to a contract, express or implied, and that the contract was made with the owner, part owner or lessee of an interest in real estate, or with the authorized agent thereof; and the lien thereby procured extends only to the right, title, and interest of him with whom the contract, express or implied, was entered into."[12]
 {¶ 23} Accordingly, for Construction One to have an enforceable mechanic's lien against Developers, it must establish privity of contract with Developers for the improvements.
 {¶ 24} Construction One's mechanic's lien specifically claimed an interest "upon the land and improvement of which Developers Diversified Realty Corporation is or was the owner and of which Shore Thing, Inc. is the leasehold tenant * * *." However, Construction One has failed to demonstrate that it was in privity of contract with Developers. Thus, the lien may not attach to Developers' interest in the property or improvements.
 {¶ 25} As corollary, Reliance cannot be held responsible as surety in this matter. A bonding agent is not responsible on a bond which replaces an invalid lien. Reliance bonded the mechanic's lien claiming an interest in the land and improvements. As this lien is not valid, Reliance is not responsible as the bonding agent.
 {¶ 26} Construction One had privity of contract with Shore Thing; however, Construction One did not assert a lien against Shore Thing's interest. Further, Reliance did not issue a release bond on such a lien.
 {¶ 27} Accordingly, the trial court did not err in denying Construction One's motion for summary judgment and granting Reliance's motion for summary judgment. Construction One's first and second assigned errors are without merit.
 {¶ 28} In its third and fourth assigned error, Construction One argues the trial court erred by denying its motion for summary judgment on its unjust enrichment claim, and then granting Developers' motion for summary judgment on this issue. We disagree.
 {¶ 29} Quantum meruit is a quasi-contractual principle which operates to prevent injustice where a beneficiary is unjustly enriched by the services of a benefactor. To remedy this injustice, a court in equity "creates" a contract where none existed and implies an enforceable promise to pay a reasonable sum for services rendered.
 {¶ 30} Quantum meruit only lies where a court finds: (1) a conferred benefit, (2) knowledge of the benefit by the beneficiary, and (3) retention of the benefit under circumstances that would make nonpayment unjust.[13]
 {¶ 31} There is no question that Developers, the beneficiary, knew it received a benefit in the form of improved property; the question at issue is whether Developers retained that benefit without compensating Construction One, the benefactor.
 {¶ 32} In its motion for summary judgment, Developers attached an affidavit of Camilla Titterington, legal counsel for Developers who averred several documents reflect that Developers owed $107,428.57 to Construction One and remitted $139,907.57 in satisfaction of this and other obligations.
 {¶ 33} Construction One does not counter that payment was not received; rather, Construction One argues the affidavit is defective in that Titterington failed to state her averments are based on personal knowledge. This argument, founded on Civ.R. 56(E), is without merit.
 {¶ 34} In pertinent part, Civ.R. 56(E) states that affidavits supporting and opposing summary judgment "shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Statements contained in affidavits cannot be legal conclusions.[14]
 {¶ 35} Verification required by Civ.R. 56(E) of documents attached to an affidavit supporting or opposing a motion for summary judgment is satisfied by an appropriate averment in the affidavit itself.[15]
 {¶ 36} Here, Titterington averred the documents accurately reflected the debt owed by Developers to Construction One and that Developers fully satisfied this debt. Titterington's affidavit complies with Civ.R. 56(E) and helped Developers carry its summary judgment burden. Accordingly, the trial court did not err in ruling on Construction One's and Developers' motions for summary judgment regarding unjust enrichment, and Construction One's third and fourth assigned errors are without merit.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and JAMES J. SWEENEY, J., concur.
[1] Construction One also named the Cuyahoga County Treasurer as a defendant interested in the lien attachable to property located in Cuyahoga County.
[2] Baiko v. Mays (2000), 140 Ohio App.3d 1, citing Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35; Northeast Ohio Apt. Assn.v. Cuyahoga Cty. Bd. of Commrs. (1997), 121 Ohio App.3d 188.
[3] Id., citing Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704.
[4] Temple v. Wean United, Inc. (1997), 50 Ohio St.2d 317, 327.
[5] Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293,1996-Ohio-107.
[6] Id. at 292.
[7] Id. at 293.
[8] Civ.R. 56(E); See Dresher.
[9] Mahoning Park Co. v. Warren Home Development Co. (1924),109 Ohio St. 358, 364.
[10] (1974), 40 Ohio St.2d 79.
[11] (1924), 109 Ohio St. 358.
[12] Id. at 365.
[13] Novomont Corp. v. Lincoln Electric Co. (Nov. 1, 2001), Cuyahoga App. No. 78389.
[14] Huff v. First Nat'l Supermarkets, Inc. (June 9, 1994), Cuyahoga App. No. 65118.
[15] State ex rel. Corrigan v. Seminatore (1981), 66 Ohio St.2d 459.