OPINION
{¶ 1} On April 12, 1958, Max Findeiss died testate. Pursuant to his Last Will and Testament, a testamentary trust was established for the benefit of his wife, Norma Findeiss.[1] The testamentary trust was a marital deduction trust creating a life estate for the benefit of Mrs. Findeiss and granting her general power of appointment over the corpus of the trust. Appellee, First National Bank of Zanesville, was named testamentary trustee. Unizan Financial services Group, N.A. became the successor in interest to appellee in 2001.
 {¶ 2} Mr. Findeiss's will created vested remainder interests in specific charitable organizations in the event Mrs. Findeiss failed to exercise her power of appointment. Mrs. Findeiss exercised her power of appointment in her Last Will and Testament executed July 2, 1976. She named several charitable organizations including appellants, St. John's Evangelical Church and Lake Erie College. Mrs. Findeiss died on March 15, 2000. Her will was admitted to probate on March 20, 2000.
 {¶ 3} On March 1, 2002, appellee filed the final and distributive account for the trust. On May 13, 2003, appellants filed exceptions to the final account and all prior accounts dating back to 1958. Appellee moved to strike any allegations or exceptions relating to matters which occurred prior to the death of Mrs. Findeiss, claiming appellants lacked standing since their respective interests in the trust did not arise until her death. Appellants filed a reply which was captioned as a motion for summary judgment. By judgment entry filed September 10, 2003, the trial court granted appellee's motion to strike and denied appellants' motion for summary judgment.
 {¶ 4} Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "The probate court erred as a matter of law in denying appellants motion for summary judgment because vested remainderman subject to complete defeasance do have standing to file exceptions to the prior accounts and administration of a trust where the vested remaindermen received no notice of any account filed by the trustee-appellees until the filing of the final and distributive account."
 II {¶ 6} "Appointees under a properly exercised general testamentary power of appointment have standing to file exceptions to the prior accounts and administration of a trust, because both the interests of the remaindermen and the power of appointment were created at the time of the settlor's death and not at the death of the donee."
 I, II {¶ 7} Appellants claim the trial court erred in finding they did not have a direct, pecuniary interest in the trust until the date of Mrs. Findeiss's death, March 15, 2000, when the exercise of the power of appointment became effective. As a result, the trial court found appellants did not have standing to object to the administration of the trust prior to said date. For the following reasons, we find appellants' position not to be well taken.
 {¶ 8} In his will, Mr. Findeiss established a marital deduction testamentary trust for the benefit of Mrs. Findeiss for her lifetime. The will provided for the following at Item III(C):
 {¶ 9} "Upon the death of my said wife, Norma R. Findeiss, the entire remaining corpus of the Norma R. Findeiss Trust shall be paid over to such person or persons or the estate of my said wife, free of any trust created in this will, in the manner and proportions as my said wife may designate and appoint in her last will and testament the power of appointment herein given and granted to my said wife, shall be exercisable by her alone and in all events * * *."
 {¶ 10} A codicil to the will provided for the following at Item III(E):
 {¶ 11} "Upon the death of my said wife, Norma R. Findeiss, and in the event she shall fail, omit or otherwise default in the exercise of the power of appointment hereinbefore given and granted to her, the entire remaining corpus of the Norma R. Findeiss trust shall be transferred, assigned, and conveyed absolutely and in fee simple to the First Evangelical United Brethren Church of Zanesville, Ohio; the United Theological Seminary of Dayton, Ohio; and the Otterbein College at Westerville, Ohio, share and share alike."
 {¶ 12} Mrs. Findeiss exercised her power of appointment in her will executed on July 2, 1976. When she died on March 15, 2000, the will submitted for probate contained the following at Item II:
 {¶ 13} "I possess a power of appointment under Item 3 of the Last Will and Testament of Max H. Findeiss, probated in the Muskingum County Probate Court under Case No. 5960 on April 24, 1958; and I am entitled under said power of appointment to dispose of property held by the First National Bank as Trustee for my benefit at the time of my decease. I hereby exercise such power of appointment and appoint said property as follows:
 {¶ 14} "Forty percent (40%) thereof to St. John's United Church of Christ, Lowell, Ohio,
 {¶ 15} "Twenty percent (20%) thereof to Central Presbyterian Church, Zanesville, Ohio,
 {¶ 16} "Twenty percent (20)%) thereof to Good Will Industries, Zanesville, Ohio,
 {¶ 17} "Twenty percent (20%) thereof to Lake Erie College, Painesville, Ohio."
 {¶ 18} Under the clear and unambiguous language of Mr. Findeiss's will, Mrs. Findeiss could have named, renamed or never named beneficiaries to the trust up to and including the date of her death.
 {¶ 19} Pursuant to R.C. 2107.61, a will has no effect until admitted to probate or recorded. As the Supreme Court of Ohio noted in FirstNational Bank of Cincinnati v. Tenney (1956), 165 Ohio St. 513, an inter vivos trust speaks from the date of its creation whereas a power of appointment or the power of revocation reserved to the testator creates a remainderman subject to complete defeasance by the exercise of the power of appointment. As such, a remainderman created by will speaks only from the date of death of the testator. We find the Supreme Court of Ohio followed this specific rule of law in Papiernik v. Papiernik (1989),45 Ohio St.3d 337, wherein the court set forth "defeasance" as follows:
 {¶ 20} "`It is thus clear that the term "defeasance" includes both the process by which an interest expires by its own terms before it ever becomes possessory, and the rocess by which an interest is cut short by reason of some executory limitation or by the exercise of some power.'"Papiernik at 343, quoting 1 Simes Smith, The Law of Future Interests (2 Ed. 1956) 95, Section 113.
 {¶ 21} In the matter sub judice, the absolute power of appointment over who would name the remaindermen of the trust was set forth in Mr. Findeiss's will when he gave Mrs. Findeiss the right to designate the remaindermen in her last will and testament if she so desired. There existed no identifiable remaindermen i.e., the children or surviving children as in Papiernik.
 {¶ 22} Because of this unlimited testamentary power to appoint, we find appellants were not vested remaindermen until Mrs. Findeiss's death. Until Mrs. Findiess's death, it was impossible to point to an entity and say such entity would take under the will. Under the provisions of the trust, everyday up to and including the date of her death, Mrs. Findeiss could have changed the beneficiaries or could have revoked prior appointments and permitted the default provisions of Mr. Findeiss's will to control.
 {¶ 23} Based upon the foregoing, we find the trial court did not err in finding appellants were not proper parties to challenge the administration or accounting of the trust for the time prior to Mrs. Findeiss's death.
 {¶ 24} Assignments of Error I and II are denied.
 {¶ 25} The judgment of the Court of Common Pleas of Muskingum County, Ohio, Probate Division is hereby affirmed.
Farmer, P.J. Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Ohio, Probate Division is affirmed.
[1] Mrs. Findeiss remarried in 1970 and became Norma McCann. For purposes of this appeal, she will be referred to as Mrs. Findeiss.