VITALE BROS. CO., APPELLANT, *v.* WURTZ ET AL., APPELLEES.

(No. 3107—Decided April 21, 1965.)

*Mr. James V. Armogida* and *Mr. Russell J. Burt,* for appellant.

*Mr. Sherwood Ake,* for appellees.

McLAUGHLIN, J. A lessee erected a "diner" upon a certain lot in Canton. The plaintiff constructed the concrete foun-

dation for the diner, together with walks, paved parking area, and brick basement.

The lessee defaulted, forfeited his lease to the landowners, and the diner was repossessed and removed under a conditional sales contract upon which it had been bought.

The plaintiff perfected a mechanic's lien against the premises, but, although it had notice of the default and forfeiture, it did not perform or tender performance of the lease or attempt to obtain any rights under Section 1311.09, Revised Code.

Removal of the diner left the premises to the landowner with the diner foundation, the walks, pavements, and basement, all of which had been built and constructed by the plaintiff-lienholder. These alleged improvements the landowners and a new tenant have continued to use for profit, as a "drive in" restaurant.

Judgment was granted to plaintiff against the original lessee. All other matters having been determined, a dispute then arose between the plaintiff and the landowners as to whether the lien of plaintiff attached to the land or whether it attached only to the forfeited leasehold.

The plaintiff-lienholder claimed that Section 1311.16 gives it an additional remedy in equity upon the theory of unjust enrichment.

This sole remaining question was submitted to the trial court upon an agreed statement of facts.

The trial court found that plaintiff's lien attached only to the forfeited leasehold, that failure to pursue its remedy under Section 1311.09, Revised Code, voided the lien, and that the plaintiff "does not have a valid lien on the premises" "and the purported lien * * * is ordered cancelled."

This law appeal by the lienholder results. The assignments of error are:

1. It is the contention of the appellant (plaintiff) that the Common Pleas Court erred in the trial of this action below in holding that Section 1311.16, Revised Code, has only to do with the procedure of enforcement of an existing lien and in foreclosing the plaintiff-appellant from asserting any equitable rights thereunder against the owners of the land as upon unjust enrichment or otherwise; and,

2. Said court further erred in holding that all rights of the

plaintiff-appellant were forfeited and void because of its failure to pursue its rights under Section 1311.09.

We have for decision the question whether Section 1311.16, Revised Code, provides that this lienholder can have an equitable remedy as upon unjust enrichment or otherwise against the lot or land on which the labor and materials were furnished.

Our task is to construe that section which reads:

"Any person holding a mechanic's lien, in addition to the remedies provided for in Sections 1311.01 to 1311.24, inclusive, of the Revised Code, may proceed by petition, as in other cases of liens, against the owner and all other persons interested, either as lienholders or otherwise, in any watercraft, house, mill, manufactory, or other building, or appurtenance, mentioned in Section 1311.02 of the Revised Code, or in any street, turnpike, road, sidewalk, way, drain, ditch, or sewer, as mentioned in Section 1311.03 of the Revised Code, and the lot or land on which it stands or to which it may be removed, and obtain such judgment therein for the rent or sale thereof as justice and equity require. When judgment is rendered in such proceeding, in favor of the parties succeeding therein, the court may allow a reasonable attorney's fee, to be paid out of the fund realized for lien claimants." (Our emphasis.)

Clearly that statute must be construed *in pari materia* with Sections 1311.01 to 1311.24, inclusive. It is to be construed liberally to secure the beneficial results, intents and purposes thereof to the lienholder. See Section 1311.24, Revised Code.

Fortunately the wording of the subject section is plain and unambiguous. This plaintiff was the holder of a mechanic's lien. It did proceed by petition as in other cases of liens against the lot owners and the owner of the leasehold, and all other persons interested either as lienholders or otherwise in a building and the appurtenances which are mentioned in Section 1311.02, Revised Code, *and* the lot or land on which they stand, and it sought by the prayer of its petition "such * * * relief as may be just and proper," which quoted words are analogous to the words of the statute, "such judgment * * * as justice and equity require."

That this plaintiff was intending to bring its action under the subject statute is further shown by the fact that plaintiff asked for attorney fees. This is the only statute in the group

which makes mention of or allows attorney's fees. We hold that under a liberal construction of Section 1311.16, Revised Code, this lienholder does have the equitable remedy of unjust enrichment. To hold otherwise was contrary to law and prejudicial error.

This plaintiff-lienholder did have other available remedies. Under the included preceding, Section 1311.09, Revised Code, it had notice of the surrender and forfeiture of the lease and it did "fail to perform or tender performance of the lease within 30 days." However, *it does not follow* that its failure to pursue its statutory remedy under Section 1311.09, Revised Code, works a forfeiture of its rights under Section 1311.16, because the latter section specifically and clearly says that plaintiff's remedies thereunder are in *addition* to the remedy provided for in Section 1311.09, Revised Code. It was prejudicial error not to have so held.

For the reasons stated, both assignments of error are sustained. The judgment is reversed and the cause remanded for determination of the unjust enrichment, if any, and for further proceedings according to law.

*Judgment reversed.*

RUTHERFORD, P. J., and VAN NOSTRAN, J., concur.