ROMITO BROS. ELECTRIC CONSTRUCTION CO., APPELLANT, *v.*
FRANK A. FLANNERY, INC., ET AL., APPELLEES.

(No. 74-521—Decided December 11, 1974.)

80

*Messrs. Buckingham, Doolittle & Burroughs* and *Mr. Frederick M. Lombardi*, for appellant.

*Messrs. Gillen, Miller & Tipping, Mr. Frederick H. Gillen* and *Mr. Harry A. Tipping*, for appellees.

*Per Curiam.* Appellant argues that R. C. 1311.16 gives a contractor, who contracts with a lessee to make improvements on leased property, a mechanic's lien against the lessor's interest for such improvements.

In *Mahoning Park Co. v. Warren Home Development Co.* (1924), 109 Ohio St. 358, at 364, 365, this court said that the "right of one who furnishes labor or material for the

construction or repair of a structure to a lien therefore is created entirely by statute,'' and that under the provisions of R. C. 1311.02,* ''before one who furnishes labor or material may have a mechanic's lien to secure the payment therefor, it must appear as a condition precedent thereto that the same was furnished pursuant to a contract, express or implied, and that the contract was made with the owner, part owner or lessee of an interest in real estate, or with the authorized agent thereof; and the lien thereby procured extends only to the right, title, and interest of him with whom the contract, express or implied, was entered into.'' The court in *Mahoning Park Co.* found that there was such a contract, but that it was entered into by the lessee and the contractor and that ''only between the lessee and the contractor was the relation of debtor and creditor created.'' The court added, on page 369, that ''the fact that the owner of the fee knew that the lessee was making improvements does not subject his interest to the lien, as he does not thereby become a party to the contract.''

In *Mahoning Park Co.*, this court held that a mechanic's

---

*R. C. 1311.02.

''Every person or corporation who does work or labor upon, or furnishes machinery, material, or fuel for constructing, altering, or repairing watercraft, or for erecting, altering, repairing, or removing a house, mill, manufactory or any furnace or furnace material therein, or other building, appurtenance, fixture, bridge, or other structure, * * * or who does work or labor or furnishes material for the improvement, enhancement, or embellishment of real property * * * by virtue of a contract, express or implied, with the owner, part owner, or lessee of any interest in real estate, or his authorized agent * * * has a lien to secure the payment thereof upon such watercraft, or upon such house, mill, manufactory, furnace, or other building or appurtenance, fixture, bridge, or other structure, or nursery stocks, * * * and upon the machinery or material so furnished, and upon the interest, leasehold or otherwise, of the owner, part owner, or lessee, in the lot or land upon which they stand, or to which they are removed * * * to the extent of the right, title, and interest of the owner, part owner, or lessee, at the time the work was commenced or materials were begun to be furnished by the contractor, under the original contract, and also to the extent of any subsequent acquired interest of any such owner, part owner, or lessee.''

lien attaches only to the interest of the person for whom the improvement is contracted to be made. On authority of that case, therefore, the judgment of the Court of Appeals is affirmed.

This court expressly disapproves the opinion and holding in *Vitale Bros. Co.* v. *Wurtz, supra* (2 Ohio App. 2d 99), insofar as that case expresses a view different from that established in *Mahoning Park Co.*

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.