OPINION
{¶ 1} Plaintiff-appellant Special Visit Ministry, Inc. ("the Ministry") appeals the February 22, 2006 Judgment Entry entered by the Richland County Court of Common Pleas, which granted summary judgment in favor of defendant-appellee Frank Murphy ("Murphy").
 STATEMENT OF THE FACTS AND CASE {¶ 2} The Ministry is a non-profit 501(C)(3) Corporation, which was incorporated in the State of Ohio in 2003. Thomas N. Miller, an ordained pastor, is the president of the non-profit corporation. One of the stated purposes of the corporation is to minister to those incarcerated and provide Christian-based transitional treatment, educational and vocational services for former offenders and/or individuals with substance abuse addiction problems, homeless individuals, and others needing various rehabilitation services, food, clothing, and/or shelter.
 {¶ 3} Upon request of a community group, Miller began to investigate acquiring real estate to be used to provide rehabilitative services and re-entry services for former prisoners. Miller contacted Murphy, the owner of real estate located at 395 Pomerene Road, Mansfield, Ohio, to check the availability of this property. The property housed a former school. Sometime around January, 2003, Murphy offered to give the property to the Ministry as a gift. According to Murphy, he placed three conditions on the gift. Specifically, the Ministry was to provide Murphy with sealed architect blueprints for improvements to be made to the property, obtain proper building and zoning permits, and have a certificate of occupancy issued for the property. The Ministry, on the other hand, asserted Murphy did not notify it of any requirements for the transfer, and viewed Murphy's original promise as an unconditional gift.
 {¶ 4} The Ministry received the keys to the building in January, 2003, and proceeded to restore classrooms, the gymnasium, the kitchen, the boiler room, an office, restrooms and showers. The Ministry claims in June, 2003, Murphy asked the Ministry to provide him with an artist's rendering and sealed architect blueprints, which the Ministry did. The Ministry submits, in late 2004, Murphy informed the Ministry it needed to obtain an occupancy permit. The Ministry refused to comply with this requirement.
 {¶ 5} In February, 2005, Murphy entered into a written sales contract to sell the property to a third party for a contract price of $325,000. On February 15, 2005, the Ministry filed an Affidavit for Mechanics Lien for $200,000, the value of the improvements made to the building. The Ministry filed a Complaint in the Richland County Court of Common Pleas for breach of contract. On June 22, 2005, the Ministry sought, in the alternative, specific performance, damages for unjust enrichment, and foreclosure of the mechanic's lien. On the same day, Murphy also filed a Complaint in the Richland County Court of Common Pleas. Upon agreement of the parties and proper motion to the trial court, the trial court consolidated the matters. Murphy filed an answer and counterclaim. The Ministry filed a timely answer to the counterclaim.
 {¶ 6} The matter proceeded through discovery, after which Murphy filed a motion for summary judgment. Via Judgment Entry filed February 21, 2006, the trial court granted summary judgment in favor of Murphy. The trial court found Murphy's offer to the Ministry was a conditional gift and not an enforceable contract between the parties. With respect to the Ministry's second count for unjust enrichment, the trial court found such a claim was incompatible with a claim for breach of oral contract, and the enrichment could not be considered unjust as the Ministry did not expect payment for the improvements made and had not expended any monies for labor and materials. The trial court also granted judgment in favor of Murphy on the Ministry's cause of action for foreclosure on the mechanic's lien. The trial court concluded because no contract existed between the parties, the requirements of Ohio's Mechanic's Lien Statute had not been met; therefore, the Ministry's cause of action failed as a matter of law.
 {¶ 7} It is from this judgment entry the Ministry appeals, raising the following assignments of error:
 {¶ 8} "I. THE TRIAL COURT ERRED BY GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DISMISSING THE PLAINTIFF'S FIRST CAUSE OF ACTION SEEKING SPECIFIC PERFORMANCE OF AN ORAL CONTRACT TO TRANSFER REAL ESTATE WHERE THERE WERE GENUINE ISSUES OF MATERIAL FACT AS TO THE TERMS OF THE CONTRACT, AND WHETHER THE DEFENDANT BREACHED THOSE TERMS, WHEN THERE WAS CLEAR EVIDENCE OF PART AND FULL PERFORMANCE OF THE CONTRACT BY PLAINTIFF SUFFICIENT TO REMOVE THE ORAL CONTRACT FROM THE STATUTE OF FRAUDS.
 {¶ 9} "II. THE TRIAL COURT ERRED BY GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DISMISSING THE PLAINTIFF'S ALTERNATIVE SECOND CAUSE OF ACTION FOR UNJUST ENRICHMENT, WHERE PLAINTIFF SUPPLIED EVIDENCE OF ALL OF THE ELEMENTS OF A PROPER CLAIM FOR THE EQUITABLE DOCTRINE OF UNJUST ENRICHMENT AS A VIABLE ALTERNATIVE CLAIM FOR RECOVERY OF THE VALUE OF A BENEFIT CONFERRED ON THE DEFENDANT, IF THE COURT DID NOT ENFORCE THE FIRST CAUSE OF ACTION BY ORDERING THE TRANSFER OF THE REAL ESTATE TO THE PLAINTIFF.
 {¶ 10} "III. THE TRIAL COURT ERRED BY GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT DISMISSING THE PLAINTIFF'S ALTERNATIVE THIRD CAUSE OF ACTION FOR FORECLOSURE OF A MECHANIC'S LIEN CREATED BY O.R.C. 1311.02 AS A RESULT OF WORK PERFORMED OR MATERIALS FURNISHED IN FURTHERANCE OF AN IMPROVEMENT TO REAL ESTATE BY VIRTUE OF AN IMPLIED CONTRACT, WHERE THE PLAINTIFF SUBMITTED EVIDENCE OF THE ELEMENTS OF AN IMPLIED CONTRACT UNDER THE THEORY OF UNJUST ENRICHMENT."
 {¶ 11} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 12} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 13} This appeal shall be considered in accordance with the aforementioned rule.
 I {¶ 14} In its first assignment of error, the Ministry contends the trial court erred in granting summary judgment in favor of Murphy as genuine issues of material fact existed as to the terms of the contract between the parties. The Ministry submits its evidence contradicted the evidence Murphy presented as to the number of requirements or conditions on his offer to give the real estate to the Ministry.
 {¶ 15} We agree with the Ministry, there is a disputed fact as to whether there were one or three conditions. However, we find such is not material to the question of whether the promise was a gift or an oral contract. The undisputed evidence showed the promise was a conditional gift. Accordingly, we find the trial court did not err in not ordering specific performance of an oral contract.
 {¶ 16} The Ministry's first assignment of error is overruled.
 III {¶ 17} In its third assignment of error, the Ministry challenges the trial court's ruling on its cause of action for foreclosure on the mechanic's lien.
 {¶ 18} R.C. 1311.02, which governs mechanic's liens, provides:
 {¶ 19} "Every person who performs work or labor upon or furnishes material in furtherance of any improvement undertaken by virtue of a contract, express or implied, with the owner, part owner, or lessee of any interest in real estate, or his authorized agent, and every person who as a subcontractor, laborer, or materialman, performs any labor or work or furnishes any material to an original contractor or any subcontractor, in carrying forward, performing, or completing any improvement, has a lien to secure the payment therefore upon the improvement and all interests that the owner, part owner, or lessee may have or subsequently acquire in the land or leasehold to which the improvement was made or removed."
 {¶ 20} Having found the trial court properly determined the promise of transfer was a conditional gift and not a contract, we find the trial court properly granted summary judgment in favor of Murphy on this claim. A mechanic's lien, by statute, applies only where a contract exists.
 {¶ 21} The Ministry's third assignment of error is overruled.
 II {¶ 22} In its second assignment of error, the Ministry maintains the trial court erred in granting summary judgment in favor of Murphy on its cause of action for unjust enrichment. The Ministry notes the second cause of action was stated in the alternative to the first cause of action, and recognizes, if the trial court had granted specific performance to the Ministry on the first cause of action, relief under the second cause of action would be unnecessary.
 {¶ 23} In order to recover under a theory of unjust enrichment, a plaintiff must prove by a preponderance of the evidence: (1) the plaintiff conferred a benefit upon the defendant, (2) the defendant had knowledge of such benefit, and (3) the defendant was retaining that benefit under circumstances where it would be unjust for him to retain that benefit without payment. Hambleton v. R.G. Barry Corp. (1984),12 Ohio St.3d 179, 183. See, also, Hummel v. Hummel (1938), 133 Ohio St. 520,525.
 {¶ 24} In response, Murphy submits enrichment is not considered unjust if a party volunteers his or her services and did not expect payment. Pawlus v. Bartrug (1996)109 Ohio App.3d 796, 801. The Ministry did not volunteer its services in expectation of payment, but rather in expectation of the gift of the transfer of the property. We find the fact the parties did not agree to Murphy's paying the Ministry for its improvement of the property does not preclude an award of unjust enrichment when those voluntary improvements were rendered in expectation of receiving something of value.
 {¶ 25} We note the trial court stated the Ministry could not seek specific performance and unjust enrichment. We find it is permissible for a party to argue both specific performance and unjust enrichment as alternatives. However, the party cannot recover under both theories.
 {¶ 26} The Ministry's second assignment of error is sustained.
 {¶ 27} The judgment of the Richland County Court of Common Pleas is affirmed in part and reversed in part and the matter remanded for further proceedings consistent with this opinion and the law.
By: Hoffman, J. Wise, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Richland County Court of Common Pleas is affirmed in part and reversed in part and the matter remanded for further proceedings consistent with our opinion and the law. Costs assessed equally.