[Cite as *Krlich v. Clemente*, 2017-Ohio-5633.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| GARRICK G. KRLICH, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2015-T-0129** |
| JOHN J. CLEMENTE, JR., et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2013 CV 1365.

Judgment: Affirmed.

*Marty Nosich,* The Law Offices of Marty D. Nosich, L.L.C., 143 West Main Street, Cortland, OH 44410 and *Robert A. Henkin,* Henkin, Tatman & Henkin Attorneys at Law, 6 Central Square, Suite 905, Youngstown, OH 44503 (For Plaintiff-Appellant).

*James R. Wise,* P.O. Box 3388, Boardman, OH 44513 (For Defendants-Appellees).

COLLEEN MARY O'TOOLE, J.

{¶1} Garrick G. Krlich appeals from the judgment of the Trumbull County Court of Common Pleas, granting judgment to John J. Clemente, Jr., and Marlene L. Clemente, on his action to foreclose on a mechanic's lien. Finding no error, we affirm.

{¶2} The following facts come from the transcript of bench trial.

{¶3} Mr. Krlich and his wife, Lucinda, have lived at 713 East Liberty Street, Hubbard, Ohio for more than 30 years. Next door is a vacant lot, which was owned by

Frank Clemente. Mr. Krlich testified that in 1985, he and Frank Clemente entered an oral contract, whereby Mr. Krlich would maintain the vacant lot, in return for the right of first refusal when Frank Clemente chose to sell the property. Mr. Krlich further testified the oral contract provided he would be paid for his services, even if he did not receive the right of first refusal. Mr. Krlich testified he mowed the vacant lot, maintained and trimmed its trees, and did extensive work putting in a drainage pipe. Mr. Krilich testified he and Frank Clemente would renew their oral contract each spring. However, in the summer of 2007, he became aware that Frank Clemente intended to sell the vacant lot to his nephew, John Clemente, Jr., and his wife Marlene. Thereafter, he filed a mechanic's lien for all of the goods and services he had provided over the years.

{¶4} Mr. Krlich testified Marlene Clemente apologized to him for all of the work he had expended on the vacant lot over the years.

{¶5} Lucinda Krlich testified her husband regularly worked on the vacant lot.

{¶6} John Clemente, Jr., testified Mr. Krlich had never done any work on the vacant lot.

{¶7} Marlene Clemente testified she had never apologized to Mr. Krlich, and that he had never done any work on the vacant lot.

{¶8} Eventually, Mr. Krlich filed his complaint to foreclose on his mechanic's lien, naming John Clemente, Jr., Marlene Clemente, and Frank Clemente as defendants. Unfortunately, Frank Clemente died during the pendency of the proceedings below. No action has been brought against his estate.

{¶9} Following bench trial, the trial court filed its judgment entry November 12, 2015. The trial court found the oral agreements between Mr. Krlich and Frank

2

Clemente to fall within the Statute of Frauds, and unenforceable. Consequently, it determined the mechanic's lien based on these agreements to be unenforceable as well.

{¶10} Mr. Krlich timely noticed this appeal, assigning a single error: "The trial court erred in finding in the Defendants' favor on the Complaint for 'foreclosure-mechanic's lien' by finding that the underlying oral contract was completely unenforceable and within the statute of frauds." The issue presented reads: "Although portions of an oral contract may be unenforceable pursuant to the statute of frauds, a divisible oral contract regarding payment for services rendered is [a] valid and enforceable contract."

{¶11} The relevant part of the Ohio Statute of Frauds provides, at R.C. 1335.05:

{¶12} "No action shall be brought whereby to charge the defendant, * * * upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them, * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized."

{¶13} "This statute serves to ensure that transactions involving a transfer of realty interests are commemorated with sufficient solemnity. A signed writing provides greater assurance that the parties and the public can reliably know when such a transaction occurs. It supports the public policy favoring clarity in determining real estate interests and discourages indefinite or fraudulent claims about such interests.

{¶14} "This statute does not require that the parties' full agreement be reduced to writing, even though it involves realty transfers. It does not concern the substance or

3

form of such agreements. Rather, it mandates some writing signed by the party sought to be held or that party's authorized agent, so that the agreement's existence has sufficient certainty." (Citation omitted.) *North Coast Cookies, Inc. v. Sweet Temptations, Inc.*, 16 Ohio App.3d 342, 348 (8th Dist.1984).

{¶15} On appeal, Mr. Krlich admits that the oral contracts allegedly existing between himself and Frank Clemente regarding the vacant lot are unenforceable, insofar as they relate to the right of first refusal to purchase the lot. However, he contends the contracts are enforceable, under the doctrine of divisibility, insofar as they allegedly provided he should be paid for his services even if he did not receive the right of first refusal.

{¶16} As Mr. and Mrs. Clemente observe, this argument does not seem to have been presented to the trial court. Consequently, it is waived for purposes of appeal. *Huntington Natl. Bank v. Lomaz*, 11th Dist. Portage Nos. 2008-P-0007 and 2008-P-0061, 2010-Ohio-705, ¶21. Even if it were not waived, we find it without merit.

{¶17} The doctrine of divisibility of contracts was summarized in *DePugh v. Mead Corp.*, 79 Ohio App.3d 503, 512-513 (4th Dist.1992):

{¶18} "If a parol contract is entire and indivisible and a part of it is within the Statute of Frauds, the whole contract is unenforceable; however, if the contract is divisible, that part of it which is not within the statute may be enforced. *Frantz v. Maher* (1957), 106 Ohio App. 465, * * *; see, generally, 2 Corbin on Contracts [(1950)]124-128, Section 313. Divisibility is a general technique by which a court can mitigate the harshness of a rule that bars a party from enforcing an agreement by apportioning the performances into corresponding pairs of part performances and then enforcing the

4

agreement as to only one part; additionally, the issue of whether an agreement is divisible is a question of law. *Spensley Feeds, Inc. v. Livingston Feed & Lumber, Inc.* (App.1985), 128 Wis.2d 279, * * *.

{¶19} "Although there is no exact definition to determine when a contract is 'divisible' or 'entire,' a contract is generally not severable or divisible when its purpose, terms and nature contemplate that its parts and consideration shall be interdependent and common to each other. *Moulds v. James F. Proctor, D.D.S., P.A.* (Aug. 16, 1991), Tenn.App., unreported, 1991 WL 137577. If the consideration to be paid is single and entire, the contract must be held to be entire, although the subject thereof may consist of several distinct and wholly independent items. *Dumas v. Auto Club Ins. Assn.* (1991), 437 Mich. 521, 537-538, * * *." (Parallel citations omitted.)

{¶20} The oral contracts in this case are not divisible, even accepting Mr. Krlich's assertion they called for him to be paid for his services maintaining the vacant lot under any circumstances. Their parts were interdependent and common to each other: Mr. Krlich would maintain the lot – Frank Clemente would give him a right of first refusal when the lot was sold. The consideration was single and entire: Mr. Krlich would receive right of first refusal for his services.

{¶21} Mr. Krlich did not raise the doctrine of quantum meruit in his theory of the case. The evidence offered by both sides is well-supported. He and his wife testified he worked on the vacant lot – the Clementes denied it utterly. The trial court is in the best position to weigh competent, relevant evidence for sufficiency. We can find no error in its conclusions based upon this record.

5

**{¶22}** The assignment of error lacks merit. The judgment of the Trumbull County Court of Common Pleas is affirmed.

TIMOTHY P. CANNON, J., concurs in judgment only with a Concurring Opinion,

THOMAS R. WRIGHT, J. dissents with a Dissenting Opinion.

————————————————

TIMOTHY P. CANNON, J., concurring in judgment only.

**{¶23}** I respectfully concur in judgment only with the opinion that affirms the trial court's judgment.

**{¶24}** Appellant filed a two-count complaint in this case. Count One alleged money owed from Frank Clemente pursuant to an oral agreement. Count Two alleged the filing of a valid mechanic's lien and a request to foreclose that lien. Frank Clemente passed away while the case was pending in the trial court. A suggestion of death was filed December 5, 2013. No claim was brought against his estate. The estate was never substituted as a party as required by Civ.R. 25.

**{¶25}** The case proceeded to trial only on the issue of foreclosure of the mechanic's lien. The lien alleges appellant had not been paid for certain improvements that were made to the property pursuant to a contract.

**{¶26}** The trial court decided this case based on the statute of frauds. I do not believe the statute of frauds is applicable here, because foreclosure of the mechanic's lien is not a claim purporting to transfer an interest in land. Appellant was seeking compensation for improvement to real estate by virtue of his oral contract with Frank

6

Clemente. Appellant claimed the agreement provided he would be compensated for the services he performed to maintain the property in the event it was not transferred to him at a later date. The mechanic's lien statute applies to any contract for work, labor, or providing materials that improve real estate, including those that are "express or implied." There is no requirement of a written contract.

{¶27} The mechanic's lien statute, R.C. 1311.02, provides the following:

> Every person who performs work or labor upon or furnishes material in furtherance of any improvement undertaken by virtue of a contract, express or implied, with the owner, part owner, or lessee of any interest in real estate, or the owner's, part owner's, or lessee's authorized agent, and every person who as a subcontractor, laborer, or material supplier, performs any labor or work or furnishes any material to an original contractor or any subcontractor, in carrying forward, performing, or completing any improvement, has a lien to secure the payment therefor upon the improvement and all interests that the owner, part owner, or lessee may have or subsequently acquire in the land or leasehold to which the improvement was made or removed.

{¶28} The Ohio Supreme Court has long recognized that liability and the amount due on a contract are necessary predicates to issuing a decree of foreclosure of a mechanic's lien.

> In *Mahoning Park Co. v. Warren Home Development Co.*, [109 Ohio St. 358, 364-365 (1924)], this court said that the 'right of one who furnishes labor or material for the construction or repair of a structure to a lien therefor is created entirely by statute,' and that under the provisions of R.C. 1311.02, 'before one who furnishes labor or material may have a mechanic's lien to secure the payment therefor, it must appear as a condition precedent thereto that the same was furnished pursuant to a contract, express or implied, and that the contract was made with the owner, part owner or lessee of an interest in real estate, or with the authorized agent thereof; and the lien thereby procured extends only to the right, title, and interest of him with whom the contract, express or implied, was entered into.'

7

*Romito Bros. Elec. Constr. Co. v. Frank A. Flannery, Inc.*, 40 Ohio St. 2d 79, 80-81 (1974); *see also Special Visit Ministry, Inc. v. Murphy*, 5th Dist. Richland No. 06-CA-26, 2006-Ohio-3571, ¶20 ("A mechanic's lien, by statute, applies only where a contract exists.").

**{¶29}** In order for appellant to establish entitlement to foreclose the mechanic's lien, he needed to prove the existence of a contract with Frank Clemente, and the amount due on that contract, as alleged in Count One of the complaint. This means Frank Clemente was a necessary party to the case. When he died, it was incumbent upon appellant to present a claim against his estate. No such claim was ever presented, and, more importantly, the estate was not substituted as a party as required by Civ.R. 25(A). That rule states: "Unless the motion for substitution is made not later than ninety days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party." Any party may move the court for substitution, but they only have 90 days in which to do so after the suggestion of death is filed. In this case, no substitution was made within 90 days of the suggestion of death being filed. As a result, the action, by rule, should have been dismissed as to Frank Clemente.

**{¶30}** I agree with the contention that transfer of ownership of the real estate does not prevent the foreclosure of the mechanic's lien. However, the issue here is not who owned the improved property, but whether that particular property was improved pursuant to a contract and the amount of damages that may be due on the contract. In

8

the absence of Frank Clemente and/or his estate as a party, appellant could not prevail on Count One of the complaint and, therefore, was not entitled to foreclose the lien.

{¶31}  I concur that the judgment in favor of appellees should be affirmed, but on the grounds set forth herein.

_____

THOMAS R. WRIGHT, J. dissents with a Dissenting Opinion.

{¶32} Appellant's trial testimony is sufficient to show that he had an oral contract with Frank Clemente that provided for two alternative forms of consideration from Clemente.  The second alternative, that Clemente would reimburse appellant for the value of his work and material, is not barred under R.C. 1335.05, the Statute of Frauds. Therefore, the trial court should have determined whether it believed appellant and whether he was entitled to enforce the mechanic's lien. I would reverse and remand for further proceedings.

{¶33} First, dismissal is not warranted on the basis that appellant failed to join the estate of Frank Clemente as a defendant.  The concurring opinion relies upon R.C. 1311.02, governing mechanic's liens and states in part that one has a valid lien when the work performed or materials furnished were done so pursuant to a contract with the land's owner, part-owner, or lessee.  But, foreclosure on the mechanic's lien is governed by R.C. 1311.16:

{¶34} "Any person holding a mechanic's lien * * * may proceed by petition, as in other cases of liens, against the owner and all other persons interested, either as lienholders or otherwise, in any improvement, or street, turnpike, road, sidewalk, way,

drain, ditch, or sewer, as mentioned in section 1311.03 of the Revised Code, and the lot or land on which it stands or to which it may be removed, and obtain such judgment therein for the rent or sale thereof as justice and equity require."

{¶35} R.C. 1311.16 requires the current owner to be a defendant in an action to enforce the lien. It does not require the prior owner, with whom the underlying contract was made, to be a defendant or require judgment against.

{¶36} A proceeding to enforce a mechanic's lien is an in rem suit. *Mollohan v. Court Development, Inc.*, 9th Dist. Lorain No. 03CA008361, 2004-Ohio-2118, ¶21. The subject matter of the action is limited to the status of the underlying real estate. *Id.*, quoting *Schuholz v. Walker*, 111 Ohio St. 308, 312, 145 N.E. 537 (1924). In order to prevail on a mechanic's lien, there is no requirement to first obtain a personal judgment against the person with whom the contract to improve the property was made. *Crandall v. Irwin*, 139 Ohio St. 253, 259, 39 N.E.2d 608 (1942); *Novotny Constr., Inc. v. Virag*, 8th Dist. Cuyahoga No. 36493, 1978 WL 217669, *7 (Sept. 14, 1978). Instead, "a suit purely to enforce a mechanic's lien turns on whether the lien is currently valid as against the property." *Mollohan*, at ¶22.

{¶37} "The general rule is long established that 'in the absence of some provision to the contrary … the remedy upon a mechanic's lien and the remedy upon the debt are distinct and concurrent, and may be pursued at the same time or in succession.'" *Tilt-Up Concrete, Inc. v. Star City/Federal, Inc.*, 261 Neb. 64, 68, 621 N.W.2d 502 (2001), quoting *Hatcher v. Hendrie & Bolthoff Mfg. & Supply Co.*, 133 F. 267, 271 (8th Cir.1904), and citing *Jaric, Inc. v. Chakroff*, 63 Ohio App.3d 506, 579 N.E.2d 493 (10th Dist.1989). Therefore, if a party fails on his claim to enforce the

mechanic's lien, he can still maintain a separate action on the contract. *Janell, Inc. v. Woods*, 70 Ohio App.2d 216, 435 N.E.2d 1138 (1st Dist.1980), paragraph two of the syllabus.

{¶38} "A construction lien gives the lienor an in rem interest in the property that it has improved. *Old Kent Bank of Kalamazoo v. Whitaker Constr. Co.*, 222 Mich.App. 436, 439, 566 N.W.2d 1 (1997). 'Although the proceeding to foreclose on the construction lien originates from the contract, it is an action directed at the property rather than the person or entity who contracted for the services.' *Dane Constr., Inc. v. Royal's Wine & Deli, Inc.*, 192 Mich.App. 287, 292-293, 480 N.W.2d 343 (1991). Thus, while an action seeking to enforce the provisions of a construction contract would take place between the contracting parties, an action seeking to enforce or to attack a construction lien that arose out of such a contract must take place among those with an interest in the property." *Republic Bank v. Modular One LLC*, 232 Mich.App. 444, 447-448, 591 N.W.2d 335 (1999).

{¶39} A similar distinction has been made by the Vermont Supreme Court:

{¶40} "The defendant in [a mechanic's lien] case is not chargeable as the debtor, but in his capacity as owner of the property. In other words, the lien suit will not lie against a debtor who is not the owner of the property involved, and the fact that the true owner is not the debtor will not bar the suit on the lien. It runs against the property and is a charge upon it." *Woodbury Lumber Co. v. McIntosh*, 125 Vt. 154, 211 A.2d 240, 242 (1965). *See also Harlem Plumbing Supply Co., Inc. v. Handelsman*, 40 A.D.2d 768, 337 N.Y.S.2d 329 (1972).

11

{¶41} When ownership has been transferred, a prior owner no longer has any interest in the outcome. Although it will still be necessary for the lienholder/plaintiff to prove the existence of the underlying contract in order to prevail, he can accomplish this without naming the prior owner as a defendant.

{¶42} Second, in raising the issue of divisibility before this court, appellant asserts that even if the "right to first refusal" aspect of the oral contract is unenforceable, he can still proceed, for purposes of the mechanic's lien, solely on the "reimbursement" aspect. Although appellant did not use the term "divisibility" in his submissions to the trial court, the substance of this argument was raised for the trial court's consideration. After trial, both sides submitted proposed findings of fact and conclusions of law. In the second paragraph of his submission, appellant gave a description of his alleged oral contract with Frank: i.e., in exchange for his maintenance of the property, Frank agreed either to "market the real estate to [him] at its fair market value" or reimburse him for his material and labor. In his next paragraph, appellant stated:

{¶43} "These circumstances were exclusive of each other which precipitated the filing of the mechanic's lien in lieu of an action requiring performance by the Defendant Frank Clemente."

{¶44} Moreover, in his conclusions of law, appellant emphasized that his claim for relief "focuses on providing labor and material to the real estate for which he is entitled to compensation/reimbursement. ORC 1311.16 Proceedings Permitted."

{¶45} Appellant's description of the alleged oral contract with Frank is consistent with his trial testimony. If believed, his testimony is sufficient to show that in exchange for maintenance of the property, Frank agreed to satisfy one of two alternative forms of

12

consideration. Furthermore, the quoted statements in his post-trial submission suffice to raise the argument that the "reimbursement" alternative was distinct from the "right of first refusal" alternative and, by itself, forms the contractual basis for enforcing his mechanic's lien.

{¶46} In rendering its decision, the trial court did not determine whether an oral contract for payment of money in exchange for labor and materials is enforceable or barred by the statute of limitations. The question was properly before the trial court for review. Moreover, given that the substance of that argument is similar to his "divisibility" argument on appeal, I disagree that this issue was waived.

{¶47} Third, in light of the nature of the contract described by appellant, I also conclude that the doctrine of divisibility is inapplicable. According to the lead opinion, divisibility is a technique in which the trial court can apportion performances into corresponding pairs of part performances and then enforce the contract as to only one part. *Supra*, at ¶18, quoting *DePugh v. Mead Corp.*, 79 Ohio App.3d 503, 512-513 (4th Dist.1992). But, if appellant's description of the oral contract is believed as true, this case does not involve corresponding pairs of part performances. Instead, the contract gave Frank Clemente two alternative means of performing his side of the bargain. In addition, the alternatives are distinct, i.e., the performance of the "reimbursement" consideration is not dependent upon the "right to first refusal" alternative.

{¶48} As previously noted, a person may obtain a mechanic's lien to secure payment for an improvement to real estate when he performs work or furnishes material based upon a contract, express or implied, with the owner of the real estate. R.C. 1311.02. Clearly, Frank's alleged promise to reimburse appellant for his work and

13

material in maintaining the property satisfies this first statutory requirement for a valid mechanic's lien. To the extent that the reimbursement could be performed totally separate from the "right of first refusal" alternative, the fact that there were two alternative forms of consideration has no effect upon enforcement of his lien.

{¶49} Fourth, an oral contract for "reimbursement" in exchange for labor and materials is not barred under the Statute of Frauds. Obviously, a promise to reimburse for labor and material does not involve the sale of real property. Moreover, in applying the "not to be performed within one year" prong of R.C. 1335.05, Ohio courts have consistently held:

{¶50} "'A contract which is not likely to be fully completed within a year, and which in fact is not completed within a year, does not automatically violate the Statute of Frauds if, at the time the contract is made, there is a possibility in law and in fact that full performance such as the parties intended may be completed before the expiration of a year.' *Bryan v. Looker* (1994), 94 Ohio App.3d 228, 234, 640 N.E.22d 590 * * *." *Shaver v. Priore*, 8th Dist. Cuyahoga No. 71298, 1997 WL 450036, *3 (Aug. 7, 1997).

{¶51} Given appellant's description of the alleged contract in his trial testimony, there was a possibility that the contract could have been fully performed within one year.

{¶52} I conclude the trial court erred in holding that the reimbursement portion of the alleged contract is barred under the Statute of Frauds. Therefore, I dissent. I would reverse and remand the case for further proceedings, instructing the trial court to make specific findings based upon the evidence that has already been presented regarding whether appellant has satisfied all of the statutory requirements for a valid mechanic's

14

lien including, but not limited to, findings as to whether a contract existed between appellant and Frank Clemente, the exact nature of its terms, and what amount, if any, is owed.